United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40773
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARMANDO MALDONADO-MALAGON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-1065-1
--------------------

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Armando Maldonado-Malagon was convicted of violating

8 U.S.C. § 1326 by being found in the United States without

permission, following deportation.  He now appeals.

        Maldonado-Malagon argues that his sentence is unreasonable

in light of United States v. Booker, 543 U.S. 220 (2005), because

the district court failed to consider his arguments for a below-

guidelines sentence, failed to analyze on the record the

sentencing factors in 18 U.S.C. § 3553(a), and gave too much

weight to the advisory Sentencing Guidelines.  The 46-month term

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of imprisonment imposed in Maldonado-Malagon's case fell within his properly calculated guidelines range and is entitled to a presumption of reasonableness pursuant to United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).[1]  Maldonado-Malagon has not demonstrated that the district court clearly erred in exercising its broad sentencing discretion by imposing a sentence that failed to "account for a factor that should have received significant weight," gave "significant weight to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors."  United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007).  He has not rebutted the presumption of reasonableness.  Id.

Maldonado-Malagon also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 46-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment.  He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as

---

[1] Maldonado-Malagon argues that his sentence should not be afforded a presumption of reasonableness.  He raises the issue to preserve it for en banc or Supreme Court review in light of the Supreme Court's grant of certiorari in United States v. Rita, 127 S. Ct. 551 (2006).  The Supreme Court decided Rita on June 21, 2007, and held that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."  Rita v. United States, __ S. Ct. __, 2007 WL 1772146 at *6-11, quote at *6 (2007).  In light of that decision, Maldonado-Malagon's argument is foreclosed.  Maldonado-Malagon's motion for this court to stay his appeal pending a decision in Rita is denied as moot.

sentencing factors rather than elements of the offense that must be found by a jury.  Maldonado-Malagon's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005).  Maldonado-Malagon properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED; MOTION DENIED.