United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40839
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARMANDO ZAMORANO-BENITEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2667-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Armando Zamorano-Benitez appeals his guilty-plea conviction and sentence for being unlawfully present in the United States following deportation. The district court enhanced Zamorano's sentence based upon its determination that his prior California conviction for unlawful sexual intercourse with a minor was a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A). Zamorano argues that the enhancement was improper because the statute under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which he was convicted sets the legal age for consent to sexual activity at 18 years of age while the Model Penal Code and the majority of the states set the legal age of consent for sexual activity at 16 years of age or younger.

Zamorano's prior conviction was under Cal. Penal Code Ann. § 261.5. Under a common sense approach, Zamorano's conviction was for the enumerated offenses of statutory rape and sexual abuse of a minor and, accordingly, a crime of violence under § 2L1.2(b)(1)(A)(ii). See § 2L1.2, comment. (n.1(b)(iii)); United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir. 2005).

Zamorano asserts that his 46-month guidelines sentence violates United States v. Booker, 543 U.S. 220 (2005) and is unreasonable. He also asserts that his sentence is unreasonable under the current regime of reasonableness review because the district court failed to consider his arguments based on cultural assimilation and family ties that warranted a sentence below the advisory guidelines range.

The presumption of reasonableness afforded a sentence within a properly calculated advisory guidelines range is consistent with Booker. See Rita v. United States,127 S. Ct. 2456, 2463-68 (2007). The record reflects that the district court considered Zamorano's objections and arguments, the recommendations of the presentence report, the applicable guidelines range, and the 18 U.S.C. § 3553(a) factors. Because the district court exercised its discretion to impose a sentence within a properly calculated guidelines range, the sentence was presumptively reasonable, and we may infer that the district court considered all the factors for a fair sentence. Rita, 127 S. Ct. at 2463-68; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). Zamorano did not demonstrate that his sentence was unreasonable. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), petition for cert. filed (May 21, 2007).

Zamorano also contends that the felony and aggravated felony provisions contained in 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New

Jersey, 530 U.S. 466 (2000).  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Zamorano contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005).  Zamorano properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.