IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2007**

Charles R. Fulbruge III
Clerk

No. 07-50028
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERIK ALBERTO MENDEZ-LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1235-1

Before HIGGINBOTHAM, STEWART, AND OWEN, Circuit Judges.

PER CURIAM:[*]

Erik Alberto Mendez-Lopez (Mendez) appeals his guilty-plea conviction and sentence for illegal reentry following deportation. The Government has moved for summary affirmance. Alternatively, the Government seeks an extension of time to file a brief.

Mendez asserts that his 46-month guideline sentence violates United States v. Booker, 543 U.S. 220 (2005), and is unreasonable. The presumption of reasonableness afforded a sentence within a properly calculated advisory

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guideline range is consistent with Booker. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007). The record reflects that the district court considered Mendez's arguments, the recommendation of the presentence report, and the applicable guideline range. Because the district court exercised its discretion to impose a sentence within a properly calculated guideline range, the sentence is presumptively reasonable and we may infer that the district court considered all the factors for a fair sentence set forth in the Guidelines. See Rita, 127 S. Ct. at 2462-70; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

Mendez also argues that his sentence is unreasonable because the district court failed to properly assess the factors set forth in § 3553(a). The district court's sentence was imposed with sufficient consideration of the § 3553(a) factors and is not unreasonable. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007).

Mendez also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 46-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Mendez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Mendez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative request for an extension of time is DENIED as unnecessary, and the decision of the district court is AFFIRMED.