# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 5, 2007

Charles R. Fulbruge III
Clerk

No. 07-50085
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE GUADALUPE PEREZ-CHAVEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1445-ALL

Before REAVLEY, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Perez-Chavez pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326(a), (b). The district court sentenced him to 87 months in prison, in the middle of the advisory range of 77 to 96 months under the Sentencing Guidelines. Perez-Chavez now appeals. Finding no error, we affirm.

Perez-Chavez first argues that the district court's decision to impose an 87-month sentence was based on the court's misapprehension of his criminal history as involving an escalating level of seriousness and significant "breaks" with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

respect to prior sentences.  Thus, he contends, the district court's sentence was unreasonable.  Perez-Chavez did not raise these specific arguments in the district court, which could result in review for plain error, see United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir. 2007), a point not addressed by the parties.  We need not decide whether plain error applies, however, because even under a reasonableness standard, Perez-Chavez's arguments fail.

There is no dispute that the guidelines range was properly calculated.  Thus, the sentence is entitled to a rebuttable presumption of reasonableness.  See United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2463-68 (2007).  In considering whether the presumption of reasonableness has been rebutted, this court begins with the test set out in United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006),  for analyzing the reasonableness of non-guidelines sentences.  See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), petition for cert. filed (May 21, 2007) (No. 06-11834).  Under the Smith test, a sentence outside the guidelines range is unreasonable in light of the § 3553(a) factors if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." Smith, 440 F.3d at 708.  In order to rebut the presumption of reasonableness attached to a sentence within the guidelines range, the defendant must show that "the sentence falls so far afoul of one of the standards in Smith as to constitute a clear error in the court's exercise of its broad sentencing discretion."  Nikonova, 480 F.3d at 376.

Our review of the record, including Perez-Chavez's criminal history, convinces us that the sentence imposed by the district court did not fail to "account for a factor that should have received significant weight," give "significant weight to an irrelevant or improper factor," or represent "a clear error of judgment in balancing the sentencing factors."  Nikonova, 480 F.3d at 376. The district court's disposition is reasonable.  See id.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Perez-Chavez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This court has held that this issue is "fully foreclosed from further debate."  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir.  2007).

AFFIRMED.