# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 28, 2007

Charles R. Fulbruge III
Clerk

No. 06-20947
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR CHAVEZ, also known as Oscar Enrique Chavez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-185-ALL

Before GARWOOD, GARZA and OWEN, Circuit Judges.

PER CURIAM:*

Oscar Chavez, an alien (a native and citizen of Mexico), pleaded guilty to violating 8 U.S.C. § 1326 by illegally reentering the United States after being deported following a Texas felony conviction. In November 2006, the district court sentenced him to fifty-seven months in prison and he now appeals. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chavez first contends that the district court erred when it adopted the presentence report's recommendation that his base offense level be enhanced because of his prior Texas conviction for a crime of violence, burglary of a habitation (for which he was sentenced to two years' imprisonment). This court has ruled that burglary of a habitation under Texas law is a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). See United States v. Valdez-Maltos, 443 F.3d 910, 911 (5th Cir. 2006), cert. denied, 127 S.Ct. 265 (2006); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S.Ct. 1398 (2006). Consequently, Chavez's claim that his offense-level enhancement was improper is foreclosed.

Chavez also argues that his sentence is unreasonable because the district court did not consider factors that would justify a lower sentence. We do not have jurisdiction to review the district court's denial of Chavez's motion for a downward departure. United States v. Nikonova, 480 F.3d 371, 375 (5th Cir. 2007), petition for cert. filed (May 21, 2007) (No. 06-11834). However, a defendant like Chavez whose motion for a downward departure has been overruled may still argue on appeal that his sentence was unreasonable because the district court "failed adequately to consider factors counseling in favor of a downward departure." Id.

This court reviews a sentence within a properly calculated guideline range for reasonableness. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). A sentence is presumptively reasonable if it falls within a properly calculated guideline range. Rita v. United States, 127 S.Ct. 2456, 2462-63 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The presumption of reasonableness is rebutted only if the district court commits clear error in the exercise of its broad sentencing discretion by failing to account for a statutory sentencing factor that should have received significant weight, by giving significant weight to an irrelevant or improper statutory sentencing

factor, or by committing a clear error of judgment in balancing the statutory sentencing factors. Nikonova, 480 F.3d at 376.

Chavez claims that the district court erred by giving too little weight to his argument that he reentered the United States to support his girlfriend, and their child, and by failing to adequately consider his cultural assimilation into life in the United States. However, our review of the record does not reveal that the district court failed to address or improperly balance the sentencing factors set forth in section 3553(a). Moreover, when a sentence is within a properly calculated guideline range, this court infers that the district court considered all of the guideline factors. United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006).

Chavez presented no evidence that would lead to a conclusion that his illegal reentry into the United States, ostensibly to fulfill his support obligations, constituted circumstances "special enough that, in light of § 3553(a), they require a sentence lower than the sentence the Guidelines provide." Rita, 127 S.Ct. at 2470. Additionally, we are unable to conclude that the district court abused its discretion in its weighing of Chavez's significant criminal history. Having considered Chavez's arguments, the district court crafted a sentence at the bottom of the advisory guideline range that it believed would promote respect for the law. Chavez has not shown that sentence to be unreasonable.

Finally, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Chavez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.