United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30830
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

EUGENE MATTHEW WARE,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50043-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

    Eugene Matthew Ware appeals his sentence for having
distributed five or more grams of crack cocaine, in violation of
21 U.S.C. § 841(a)(1).  Ware contends that the district court
erred under United States v. Booker, 543 U.S. 220 (2005), in
attributing 45.8 grams of crack to him for sentencing purposes.
Ware also argues that the district court erred by sentencing him
under the mandatory Sentencing Guidelines regime that was held to
be unconstitutional in Booker.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues, inter alia, that because Ware was sentenced in the middle of the applicable guideline range, the sentencing error was harmless. This court has rejected such an assertion. See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005), cert. denied, 126 S. Ct. 1444 (2006). Moreover, the record in this case does not show that the district court would have imposed the same sentence under an advisory regime. Thus, the Government cannot bear its burden of establishing beyond a reasonable doubt that the district court's error was harmless. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). Accordingly, Ware's sentence is VACATED and the case is REMANDED for further proceedings. See id. at 466. Because we vacate Ware's sentence and remand for resentencing under an advisory guideline regime, we do not reach the other claim of sentencing error that Ware raises. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

VACATED AND REMANDED FOR RESENTENCING.