IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-31228
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EUGENE MATTHEW WARE, also known as Luke, also known as Lew

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50043-ALL

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Eugene Matthew Ware (Ware) appeals his 170 month sentence for distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1).[1] Ware contends that his sentence is unreasonable because the district court failed to take his diminished mental capacity into account. He argues that (1) his mother's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We previously vacated Ware's sentence, holding that sentencing him under mandatory, rather than advisory, sentencing guidelines was not harmless error. See United States v. Ware, 182 F. App'x 299 (5th Cir. 2006).

testimony was the only evidence regarding his mental state when he committed his offense and (2) the district court mistakenly believed that a downward departure based on diminished capacity required a finding of incompetence. Ware does not challenge the correctness of the district court's Guideline calculations. Because Ware has failed to demonstrate that the district court's imposition of a guideline sentence was unreasonable, we AFFIRM.

We review a district court's interpretation and application of the sentencing guidelines de novo and factual findings for clear error. United States v. Villanueva, 408 F.3d 193, 202 & 203 n.9 (5th Cir. 2005). We lack jurisdiction to address whether the district court erred by denying Ware a downward departure based on his mental condition, pursuant to U.S.S.G. § 5K2.13 policy statement. See United States v. Nikonova, 480 F.3d 371, 375 (5th Cir. 2007), petition for cert. filed, (U.S. May 21, 2007) (No. 06-11834). Instead, we review "to determine whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable." Id. Ware's sentence within the Guidelines sentencing range is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). This presumption of reasonableness is rebutted "only where the sentence falls so far afoul of one of the standards in [United States v.] Smith as to constitute a clear error in the court's exercise of its broad sentencing discretion." Nikonova, 480 F.3d at 376 (discussing United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006)).[2]

We find no fault in the district court's decision not to give additional weight to Ware's mental condition. The Forensic Psychologist's report indicated that Ware denied experiencing any symptoms of mental illness on or around the

---

[2] "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." Smith 440 F.3d at 708.

date of his offense, was aware of the events, and could control his impulses. Further, both the police reports and Ware's own recollections failed to indicate that he experienced any significant symptoms of mental illness around the time of his offense. By finding that the evidence showed no link between Ware's mental condition and his offense, the district court provided a sufficient explanation for rejecting Ware's request for a lower sentence.  See Rita v. United States, 127 S. Ct. 2456, 2468 (2007).  Thus, Ware has failed to demonstrate that the district court's imposition of a guideline sentence was unreasonable. Finally, Ware's contention that the district court misunderstood the relevant issue about his mental health is without a factual basis. For the foregoing reasons, we affirm the district court's sentence.

AFFIRMED.