IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2007

No. 07-50086
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LESLIE KAY MOORE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3: 06-CR-1547-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leslie Kay Moore appeals her sentence for knowingly and intentionally importing more than 50 kilograms of marijuana into the United States, in violation of 21 U.S.C. §§ 952 and 960. Moore argues that the appeal waiver contained in her plea agreement does not bar this appeal. Because the Government does not seek to enforce the appeal waiver, it is not binding on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Moore, and this court will address the merits of her arguments. See United States v. Story, 439 F.3d 226, 231 (5th Cir. 2006).

Moore asserts that her 37-month guideline sentence violates United States v. Booker, 543 U.S. 220 (2005), and is unreasonable. Moore argues that this court's post-Booker sentencing jurisprudence effectively reinstates the mandatory nature of the Guidelines by bestowing a presumption of reasonableness on sentences which fall within the advisory sentencing guideline range.

The 37-month term of imprisonment imposed in Moore's case fell within her properly-calculated guidelines range and is entitled to a presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Moore's argument that the presumption of reasonableness used by this court returns the Guidelines to their formerly unconstitutional, mandatory status is foreclosed. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Because the district court exercised its discretion to impose a sentence within a properly calculated guideline range, the sentence is presumptively reasonable, and we may infer that the district court considered all the factors for a fair sentence set forth in the Guidelines. See Rita, 127 S. Ct. at 2462-70; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

There is nothing to indicate that the district court failed to afford appropriate weight to relevant factors, considered any irrelevant factors, or balanced the factors unreasonably. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), petition for cert. filed (May 21, 2007) (No. 06-11834). Moore therefore has not rebutted the presumption that her sentence was reasonable.

The judgment of the district court is AFFIRMED.