# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2007

Charles R. Fulbruge III
Clerk

No. 06-41051
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CRECENCIO PEREZ-JIMENEZ, also known as Cresencio Perez-Jimenez, Jr

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1366-ALL

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Crecencio Perez Jimenez is appealing his conviction and sentence imposed following his guilty plea to being found unlawfully present in the United States following deportation. Perez was sentenced to a term of imprisonment of 46 months.

Perez argues that this court's application of the presumption of reasonableness to a guideline sentence reinstates the mandatory guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regime set aside in United States v. Booker, 543 U.S. 220 (2005). This argument is foreclosed by the Supreme Court's ruling in Rita v. United States, 127 S. Ct. 2456, 2463-68 (2007).

Perez further argues that his sentence is unreasonable because the district court did not specifically address his arguments for a variance below the sentencing guidelines range and, thus, failed to give proper consideration to the relevant 18 U.S.C. § 3553(a) factors. Perez did not make this argument in the district court. Thus, review is for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

Under the discretionary sentencing system established by Booker, if the district court imposes a sentence within a properly calculated guidelines range, this court will give the sentence "great deference" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." Id. at 519, 520. In such cases, "it will be rare for a reviewing court to say such a sentence is 'unreasonable'" and "little explanation is required." Id. at 519. Rita held that the district court's reasons therein were sufficient where it was clear that the district court listened to the arguments and understood the defendant's circumstances. 127 S. Ct. at 2469. The record reflects that the district court was familiar with the presentence report (PSR) and that the district court gave Perez and his counsel an ample opportunity to present their arguments in favor of the variance. The district court gave strong consideration to Perez's medical condition and recommended that it be taken into account in his prison assignment.

Insofar as the district court did not specifically mention Perez's argument concerning his family ties in the United States, such factor was not entitled to significant weight, see U.S.S.G. § 5H1.6 (p.s.). Regarding the district court's failure to address his argument concerning his criminal history, Perez has not shown that the PSR overstated the seriousness of his prior criminal history merely because it listed prior convictions that were ten and twelve years old.

Thus, Perez has not shown that the district court's failure to expressly address all of his arguments for a variance affected his substantial rights. Mares, 402 F.3d at 520.

Insofar as Perez asserts that his sentence is unreasonable, he has failed to demonstrate that the district court erred in exercising its broad sentencing discretion by imposing a sentence that failed to account for a factor that should have received significant weight, by giving significant weight to an irrelevant or improper factor, or by representing a clear error of judgment in balancing the sentencing factors. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), petition for cert. filed, (May 21, 2007) (No. 06-11834). Thus, Perez has not rebutted the presumption that the sentence imposed in his case was reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Perez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that the issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007).

Perez's conviction and sentence are AFFIRMED.