IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-41516
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARTEMIO ANDRADE-REAL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-776-ALL

Before WIENER, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Artemio Andrade-Real (Andrade) appeals his conviction and sentence following his guilty plea to illegal reentry into this country following deportation, in violation of 8 U.S.C. § 1326. Andrade asserts that his 41-month guidelines sentence violates United States v. Booker, 543 U.S. 220 (2005), and is unreasonable. Andrade argues that this court's post-Booker sentencing jurisprudence effectively reinstates the mandatory nature of the Guidelines by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bestowing a presumption of reasonableness on sentences that fall within the advisory sentencing guideline range.

The 41-month term of imprisonment imposed in Andrade's case fell within his properly-calculated guidelines range and is entitled to a presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Andrade correctly concedes that his argument that the presumption of reasonableness used by this court returns the Guidelines to their formerly unconstitutional, mandatory status is foreclosed. See Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007). Because the district court exercised its discretion to impose a sentence within a properly calculated guidelines range, the sentence is presumptively reasonable, and we may infer that the district court considered all the factors for a fair sentence set forth in the Guidelines. See Rita, 127 S. Ct. at 2462-70; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

Andrade has not rebutted the presumption that his sentence is unreasonable. Nothing in the record indicates that the district court failed to afford appropriate weight to relevant factors, considered any irrelevant factors, or balanced the factors unreasonably. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), petition for cert. filed (May 21, 2007) (No. 06-11834).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Andrade challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

The judgment of the district court is AFFIRMED.