United States Court of Appeals
Fifth Circuit

F I L E D

February 26, 2007

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 05-31093

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ELIZAVETA NIKONOVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
m 3:05-CR-4-ALL

_____

Before SMITH, BENAVIDES, and PRADO,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Elizaveta Nikonova appeals the sentence she received following her plea of guilty of one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). We affirm.

I.

Nikonova is a Russian citizen who immigrated to the United States in 1996. In 2004, while she was attending Louisiana State University, law enforcement officers discovered that she was using her laptop computer to acquire and store child pornography. From the computer, authorities eventually recovered seven image files and six movie files depicting child pornography.

Nikonova claims to have become interested

in child pornography only after watching an episode of the television show "Law & Order SVU" and that her interest in the material was 80% motivated by a desire to conduct scientific research and 20% by personal gratification. She confessed that she knowingly and intentionally possessed the pornography. In her plea agreement, she waived her right to appeal her conviction and sentence subject to three exceptions: (1) punishment imposed in excess of the statutory maximum; (2) punishment constituting an upward departure; and (3) "the applicability of . . . *Blakely v. Washington* [, 542 U.S. 296 (2004),] to the United States Sentencing Guidelines."

Nikonova's plea agreement was filed in the district court on January 13, 2005, the day after the Court issued *United States v. Booker*, 543 U.S. 220 (2005). The district court stated to Nikonova, with regard to her reservation of the right to appeal the application of *Blakely* to the federal sentencing guidelines, that the Supreme Court had

> kind of taken care of that . . . certain parts of the Guidelines are no longer effective and no longer mandatory. So, although you reserve this right in the plea agreement, for all practical purposes, that has already been taken care of; do you understand that?" Nikonova stated that she did understand and that she appreciated that, "other than those reservations in the plea agreement", she had no right to appeal "anything else that happens in this case.

At sentencing the district court relied on a presentence investigation report ("PSR") that, *inter alia*, recommended a four-level increase in Nikonova's offense level because certain photographs in her possession depicted sadistic images of prepubescent children having intercourse with adults. The PSR calculated that

Nikonova's offense level was 22, which, combined with her criminal history category of I, yielded a guideline range of 41-51 months' imprisonment. Nikonova objected to the upward adjustment for sadistic images, arguing that, although the images were sadistic, the government had not adequately proved that she had intentionally ordered and received them. She also moved the court to depart downward from the guidelines and sentence her to probation. The court overruled Nikonova's objection to the upward adjustment, declined to depart from the guideline range, and sentenced Nikonova to 41 months.

After Nikonova filed her notice of appeal, the government filed a Federal Rule of Criminal Procedure 35 motion to reduce the sentence based on her assistance in the investigation and prosecution of others. The district court granted the motion, reduced Nikonova's offense level by two levels, and imposed a sentence of 31 months.

## II.

The government contends that Nikonova has waived her right to appeal. We disagree.[1] We review waivers of appeal *de novo*. *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). We use ordinary principles of contract interpretation to determine whether a

---

[1] We disagree with the government's contention that, by failing to brief the waiver issue in her opening brief, Nikonova waived the argument that she has preserved her right to appeal. The government moved for dismissal of the appeal on the basis of waiver, but because it was the government's motion, Nikonova was hardly obligated to address the issue until the government briefed it in this court. Nikonova's response in her reply brief adequately preserved the issue.

waiver applies,[2] but we construe waivers narrowly and against the government.[3]

The government contends that Nikonova retained only the right to raise a Sixth Amendment challenge to the guidelines analogous to the challenge to the Washington state guidelines in *Blakely*. Although Nikonova's colloquy with the district court might provide some support to this interpretation of the agreement, we need not look beyond the plain language of the plea where, as here, it obviously does not waive the right to appeal.[4]

By preserving an appeal based on the applicability of *Blakely* to the guidelines, Nikonova maintained her right to benefit from the Supreme Court's prescribed remedy for the problem (implied by the reasoning of *Blakely*) that the then-mandatory guidelines were unconstitutional. One consequence of *Booker*'s holding that *Blakely* applies to the federal guidelines is that those guidelines became advisory, and courts are to look to all the factors described in 18 U.S.C. § 3553(a), instead of just to the guidelines, to devise a "reasonable" sentence. *See Booker*, 543 U.S. at 259-60. Under *Booker*, a properly calculated guidelines range is not the exclusive basis for a legal sentence but instead is a highly relevant factor in our review of sentences to see whether they satisfy the Supreme Court's criterion of reasonableness. *See United States v. Duhon*, 440 F.3d 711, 716 (5th Cir. 2006), *petition for cert. filed* (May 18, 2006) (No. 05-11144). It follows that Nikonova's *Blakely* reservation entitles her to argue on appeal that her sentence is unreasonable both because the district court miscalculated the relevant guideline range and because it failed adequately to consider factors counseling in favor of a downward departure.[5]

### III.

The parties devote substantial argument to whether the sadistic-image enhancement that the district court applied has an intent requirement that was met in this case. We need not resolve this issue, because Nikonova's sentence is reasonable even if the sadistic-images enhancement should not have applied. Without the four-level enhancement for sadistic images, her guideline range would have been 27-33 months. *See* U.S.S.G. ch. 5 pt. A. Because her sentence of 31 months falls within that range, it is entitled to a presumption of reasonableness.[6] The relevant question is not whether the enhancement should have applied, but whether Nikonova has rebutted the pre-

---

[2] *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

[3] *See United States v. Harris*, 434 F.3d 767, 770 & n.2 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1897 (2006).

[4] *See McKinney*, 406 F.3d at 746 (stating that a waiver is to be ascertained from the plain language of the agreement).

[5] We find this reasoning to be particularly apt when we consider that the government could have drafted a plea agreement explicitly limiting Nikonova's right to appeal to a more narrow Sixth Amendment issue. Instead the agreement contained the broad phrase "the applicability of [*Blakely*] to the United States Sentencing Guidelines." As noted above, we construe waivers of appeal narrowly and against the government. *Harris*, 434 F.3d at 770 & n.2.

[6] *See United States v. Medina-Argueta*, 454 F.3d 479, 483 (5th Cir. 2006) (stating that where "the district court miscalculates the Guideline range yet imposes a sentence that falls within a properly calculated guideline range, the sentence enjoys a presumption of reasonableness").

sumption of reasonableness that attaches to the sentence even if application of the enhancement was incorrect.

Nikonova has not rebutted the presumption of reasonableness. To assess reasonableness, we look to the factors set forth in § 3553(a). *See Booker*, 543 U.S. at 359-60; *Medina-Argueta*, 454 F.3d at 484. Although Nikonova argues that the district court should have departed downward, we lack jurisdiction to review a discretionary decision not to depart downward from the guideline range. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). Instead, we review to determine whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable.[7]

This court has not articulated the standard by which a defendant may rebut the presumption of reasonableness that attaches to a guideline sentence. We have, however, stated that, where a court has imposed a sentence within a properly calculated guideline range, "we will infer that the Judge has considered all the factors set forth for a fair sentence in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Furthermore, in light of our deference to a sentencing judge's discretion under *Booker*, we will rarely declare that such a sentence is unreasonable. *Id*. [8]

A non-guideline sentence is unreasonable in light of the statutory sentencing factors where it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor; or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Nikonova suggests that we should apply the same test to determine whether a guideline sentence is reasonable. *See Alonzo*, 435 F.3d at 554. To apply the test in the same manner to guideline sentences and non-guideline sentences alike, however, would ignore the presumption of reasonableness that applies to guideline sentences and would disregard the discretion appropriately afforded to a district court where it has considered all the § 3553(a) factors. Therefore, the presumption of reasonableness that attaches to a properly calculated guideline sentence is rebutted only where the sentence falls so far afoul of one of the standards in *Smith* as to constitute a clear error in the court's exercise of its broad sentencing discretion.[9]

---

[8](...continued)
rather than down. *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006).

[9] Even circuits that do not presume that a guideline sentence reflects consideration of all of the § 3553(a) factors afford district courts broad discretion in sentencing where the appropriate consideration has taken place. *See United States v. Jimenez-Beltre*, 440 F.3d 514, 519 (1st Cir. 2006) (en banc) (pointing out that, even after consideration of the factors, multiple sentences could be "reasonable," and "[a]ssuming a plausible explanation and a defensible overall result, sentencing is the responsibility of the district court"), *cert. denied*, 127 S. Ct. 928 ( 2007); *United States v. Cooper*, 437 F.3d 324, 330-32 (3d Cir. 2006) (continued...)

---

[7] *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006) (opining that guideline sentences are not *per se* reasonable).

[8] "[*I*]*f* the district judge does use the Guidelines, then the sentence is unlikely to be problematic. . . . It will be the rare sentence indeed that was *required* under the Guidelines before *Booker* bot *Forbidden* afterward, when discretion has gone up (continued...)

Here, we discern no such error. Nikonova focuses on three of the § 3553(a) factors that she believes render her sentence unreasonable: (1) the nature and circumstances of her offense as well as her history and characteristics; (2) promotion of respect for the law and provision of just punishment; and (3) deterrence and protection of the public. *See* § 3553-(a)(1), (2)(A), (B). The district court, however, afforded appropriate weight to each of these factors, did not consider any other, irrelevant, factors, and balanced the factors reasonably.

With respect to the nature and circumstances of her offense as well as her history and characteristics, Nikonova points out that (1) she had only thirteen images; (2) she was motivated primarily by intellectual rather than sexual interest; (3) she exhibits no sexually deviant traits; (4) child pornography does not give rise to the same social condemnation in her country of origin, Russia, as it does in the United States; and (5) her status as an exceptional student who has received numerous honors and consistently engaged in productive extracurricular employment from a young age renders her an atypical defendant. She also argues that her status as a deportable alien renders her subject to harsher conditions of confinement than she would experience otherwise and that she faces persecution on her return to Russia. She contends that these facts indicate that her sentence is unduly harsh, does not provide a just punishment, and is unnecessary to protect the public.

The sentencing record shows that the district considered these factors and balanced them adequately. The court discussed sentencing as a "balance of tragedies" and noted that, although Nikonova might be an atypical defendant, her offense falls "within the heartland of cases involving possession of child pornography." The court also indicated that it did not entirely credit Nikonova's explanation that she was motivated predominantly by academic concerns and noted that there was little evidence of working hypotheses or other indicia of a research paper in progress.

The district court's disposition is reasonable, and the judgment of sentence is AFFIRMED.

---

[9](...continued)
(rejecting presumption of reasonableness but recognizing that a guideline sentence is more likely than a non-guideline sentence to be reasonable, and reviewing for abuse of discretion). Although we take a different approach to ascertaining whether the § 3553(a) factors have been considered, we agree with these circuits that a district court enjoys broad discretion where there is reason to believe that it has, in fact, considered the factors.