United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30384
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES LEE GREEN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:02-CR-60053-1
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Lee Green appeals his 300-month sentence following his guilty-plea conviction for distribution of cocaine base. Green avers that (1) the district court erred in declining to depart downward; (2) the district court's statements at sentencing showed that it treated the Guidelines as mandatory, rather than advisory, in violation of United States v. Booker, 543 U.S. 220 (2005); (3) the district court erroneously applied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the "presumptively reasonable" appellate standard of review in arriving at his sentence; and (4) his sentence was unreasonable.

This court does not have jurisdiction to review the district court's denial of Green's motion for a downward departure. See United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006). However, we do have jurisdiction to review "whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable." See United States v. Nikonova, 480 F.3d 371, 375 (5th Cir. 2007).

Contrary to Green's assertion, the record reflects that the district court was aware that the Guidelines were advisory in nature. Accordingly, there was no Fanfan violation. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005) (explaining that Fanfan error "is found where the district court applied the mandatory Guidelines to enhance a defendant's sentence absent any Sixth Amendment Booker error").

The record further reflects that the district court properly calculated the applicable guideline sentencing range and considered the sentencing factors set forth in 18 U.S.C. § 3553(a). See United States v. Mares, 402 F.3d 511, 518-20 (5th Cir. 2005). Therefore, Green has not shown that the sentence imposed by the district court was unreasonable. See id.

AFFIRMED.