United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41568
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR ESPINOSA-CONTRERAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1004-ALL
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Victor Espinosa-Contreras (Espinosa) appeals the 46-month sentence of imprisonment imposed following his guilty plea conviction for illegal reentry following deportation. Espinosa argues that the district court did not address all of the sentencing factors listed in 18 U.S.C. § 3553(a) in imposing sentence and did not address the reasons that Espinosa advanced for a downward departure or variance from the Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues that the court lacks jurisdiction to review the district court's discretionary denial of Espinosa's motion for a downward departure or variance.

The court lacks jurisdiction to review a discretionary decision not to depart downward from the guideline range. However, the court must still determine whether the imposition of a guideline sentence instead of a non-guideline sentence was reasonable. United States v. Nikonova, 480 F.3d 371, 375 (5th Cir. 2007).

Espinosa has demonstrated no error in the guidelines computation, and the district court gave appropriate reasons for the sentence. We therefore give great deference to the sentence imposed. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Given Espinosa's serious prior drug conviction and his illegal return to the United States after serving a 40-month sentence and being deported to Mexico, and the deference due to the sentencing judge's discretion, the sentence imposed is not unreasonable.

Espinosa's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Espinosa contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.

See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Espinosa properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.