United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-51336
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBBY LEE CRAWFORD, also known as Robby Crawford

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-35-4

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robby Lee Crawford appeals his within-Guidelines sentence for conspiracy to possess with intent to distribute cocaine and methamphetamine, and distribution of methamphetamine. The Government moves for summary affirmance, or, alternatively, more time to submit its brief.

Crawford argues that the presumption of reasonableness afforded within-Guidelines sentences following United States v. Mares, 402 F.3d 511 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005), violates United States v. Booker, 543 U.S. 220 (2005), and lacks statutory authority. The Supreme Court recently confuted these arguments in Rita v. United States, ___ U.S. ___, No. 06-5754, 2007 WL 1772146, at *6 (June 21, 2007), holding that appellate courts "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." Consequently, we infer that the district court considered the appropriate factors.

Crawford, who has suffered from panic attacks and agoraphobia, alternatively argues that these conditions render his sentence unreasonable. We have jurisdiction to "determine whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable." See United States v. Nikonova, 480 F.3d 371, 375 (5th Cir. 2006), petition for cert. filed, No. 06-11834 (U.S. May 21, 2007). Both the presentence report and relevant medical reports indicate that, at the time of sentencing, Crawford had no significant mental impairment. Given the entire record, we conclude that Crawford's sentence is reasonable, see Booker, 543 U.S. at 262-65; Mares, 402 F.3d at 518-19, and the district court's judgment is AFFIRMED. The Government's motion for summary affirmance is GRANTED, and its motion for extension of time is DENIED AS UNNECESSARY.