United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-51355
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ESTELA LERMA-CASTILLO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-618-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Estela Lerma-Castillo appeals the 51-month sentence imposed following her convictions for importing, and possessing with intent to distribute, 50 kilograms or more of marijuana, in violation of 21 U.S.C §§ 841(a)(1), 952(a), and 960(a)(1). Her sentence is within the applicable advisory sentencing guideline range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lerma-Castillo does not challenge the guideline range that the district court considered in determining her sentence. She instead argues that the presumption of reasonableness afforded within-Guidelines sentences under United States v. Mares, 402 F.3d 511 (5th Cir. 2005), and its progeny, violates United States v. Booker, 543 U.S. 220 (2005). Id. at 7-13. This argument is confuted by the Supreme Court's recent decision in Rita v. United States, ___ U.S. ___, No. 06-5754, 2007 WL 1772146, at *6 (June 21, 2007), which held that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."

Lerma-Castillo, who was 62-years-old when sentenced, alternatively argues that her sentence is unreasonable because the district court failed to properly account for her age and lack of criminal history. This court has jurisdiction to "determine whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable." United States v. Nikonova, 480 F.3d 371, 375 (5th Cir. 2006), petition for cert. filed, No. 06-11834 (U.S. May 21, 2007). Lerma-Castillo's criminal history category score under the Sentencing Guidelines reflected her lack of criminal history. The district court expressly stated that it had considered, inter alia, Lerma-Castillo's particular circumstances and the factors of 18 U.S.C. § 3553(a). The district court was not required to provide a more explicit statement of its § 3553(a) rationale. See Rita, 2007 WL 1772146, at *12-13; Mares, 402 F.3d at 519.

Lerma-Castillo's sentence is reasonable, see Booker, 543 U.S. at 262-65; Mares, 402 F.3d at 518-19, and the district court's judgment is AFFIRMED.