# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10781
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PRIMITIVO YBARRA, also known as Munch

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-75-8

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Primitivo Ybarra was convicted pursuant to a guilty plea of conspiring to distribute and possess with the intent to distribute cocaine. He challenges as unreasonable the 180-month sentence of imprisonment imposed in his case. Ybarra contends that the district court improperly considered his 2004 arrest for aggravated assault and the facts underlying that arrest in determining where within his properly calculated sentencing guidelines range his sentence should fall.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ybarra has cited no statute, guidelines section, or decision of this court precluding a district court from considering a defendant's arrest record or the facts underlying his arrest in determining where within an advisory sentencing guidelines range a sentence should fall. The information in Ybarra's presentence report pertaining to his 2004 arrest for aggravated assault had sufficient indicia of reliability to be considered at sentencing. See United States v. Alford, 142 F.3d 825, 831-32 (5th Cir. 1998). As Ybarra presented no rebuttal evidence to prove that the information was materially untrue, inaccurate, or unreliable, the district court was entitled to consider it. See id.

Ybarra has not shown that the district court district court clearly erred in exercising its broad sentencing discretion by imposing a sentence that failed to "account for a factor that should have received significant weight," gave "significant weight to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors." See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), petition for cert. filed (May 21, 2007) (06-11834). Accordingly, Ybarra has not rebutted this court's assumption that his sentence imposed in his case is reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.