# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 05-30955
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CORY D RIGMAIDEN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20128

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cory D. Rigmaiden appeals the sentence imposed following his guilty-plea conviction of possessing with the intent to distribute cocaine base.  He argues that his sentence is unreasonable because it was imposed under what amounts to a de facto mandatory sentencing guidelines system resulting from this court's precedents bestowing a presumption of reasonableness on sentences which fall within a defendant's advisory sentencing guidelines range.  Rigmaiden also argues that the district court failed to consider his arguments for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

below-guidelines sentence, failed to analyze on the record the sentencing factors in 18 U.S.C. § 3553(a), and gave too much weight to the advisory Sentencing Guidelines.

The 300-month term of imprisonment imposed in Rigmaiden's case fell within his properly calculated guidelines range and is entitled to a presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Rigmaiden's argument that the presumption of reasonableness used by this court returns the Sentencing Guidelines to their formerly unconstitutional, mandatory status is foreclosed. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

The district court's statements at sentencing reflect sufficient consideration of Rigmaiden's mitigation argument and of the § 3553(a) factors. Rigmaiden has not demonstrated that the district court clearly erred in exercising its broad sentencing discretion by imposing a sentence that failed to "account for a factor that should have received significant weight," gave "significant weight to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors." See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), cert. denied, ___ S.Ct. ___, 2007 WL 1708063 (Oct. 1, 2007) (No. 06-11834). Accordingly, Rigmaiden has not rebutted the presumption of reasonableness.

AFFIRMED.