# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2007

Charles R. Fulbruge III
Clerk

No. 07-10393
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO LEDEZMA GRACIA SR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-9-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Ledezma Gracia, Sr., pleaded guilty to one count of possession of more than 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a), (b). Gracia moved for a downward departure from the guidelines range of 57 to 71 months on the basis of the delay between the offense conduct and the prosecution, during which time he committed and was convicted of a new offense of illegal reentry. He also invoked the district court's authority

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 18 U.S.C. § 3553(a).  The district court rejected his arguments, and he now appeals.

To the extent that Gracia appeals the denial of his motion for a downward departure, it is settled that we lack jurisdiction to review such a denial unless it was based on the district court's erroneous belief that it had no authority to depart.  See United States v. Hernandez, 457 F.3d 416, 424 and n.5 (5th Cir. 2006); United States v. Valencia-Gonzales, 172 F.3d 344, 346 (5th Cir.1999).  As there is no indication that the district court erroneously believed it could not depart, the district court's denial of a downward departure is not reviewable.  We dismiss his appeal as to this issue.  See United States v. Martinez, 263 F.3d 436, 440 (5th Cir. 2001).

To the extent that Gracia invokes the district court's authority under § 3553(a), he effectively argues that the sentence was unreasonable under the standard announced in United States v. Booker, 543 U.S. 220 (2005), and our jurisprudence interpreting it.  We do not reach whether Gracia's arguments under § 3553(a) in the district court were sufficient to preserve the reasonableness challenge, although they may have been as he makes the same arguments on appeal that he did in the district court.  Cf. United States v. Hernandez-Martinez, 485 F.3d 270, 272 and n.1 (5th Cir. 2007), cert. denied, __ S. Ct. __, 2007 WL 2348214 (Oct. 1, 2007) (No. 07-5882).  Even under reasonableness review, his arguments fail.

Because the district court's sentence fell within a properly calculated guidelines range, it enjoys a presumption of reasonableness that Gracia must rebut under the analysis of United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), cert. denied, __ S. Ct. __, 2007 WL 1708063 (Oct. 1, 2007) (No. 06-11834).  Gracia argues that the delays in prosecution reduced the deterrent effect of punishment, that he was subject to a greater criminal history category as a result of the delays, and that a reduced sentence would, under these circumstances, promote respect for the law.  The underlying premise of his

argument is that, but for the delays, he would have received a concurrent sentence and would not have been subject to a higher criminal history category.

Gracia's arguments are insufficient to rebut the presumption of reasonableness. The district court would not have been required to impose a concurrent sentence even if Gracia had been prosecuted more expeditiously. To the contrary, 18 U.S.C. § 3584(a) establishes a preference for consecutive sentences where the sentences are imposed at different times. See United States v. Candia, 454 F.3d 468, 477 (5th Cir. 2006). Further, Gracia cites no statutory or jurisprudential support for his argument that the increased criminal history category - which was due to his commission of another offense - renders the ultimate sentence unreasonable. See id. In sum, Gracia has not shown that the district court failed to account for a significant factor, gave weight to an improper or irrelevant factor, or clearly erred in balancing the appropriate factors such that the sentence "constitute[s] a clear error in the court's exercise of its broad sentencing discretion." Nikonova, 480 F.3d at 376.

For the foregoing reasons, we AFFIRM the district court's judgment in part and DISMISS the appeal in part for lack of jurisdiction.