# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2007

Charles R. Fulbruge III
Clerk

No. 07-50145
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE LUIS SANDOVAL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1417-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), Jose Luis Sandoval appeals only his 57-month sentence, maintaining it is unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Specifically, Sandoval claims: the sentence failed to account for his otherwise law-abiding life, his family circumstances, his work history, his genuine remorsefulness, his loss of the right to be in the United States, and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact that he was not a danger to the public or likely to commit future crimes. Further, he contends:  the sentence placed too much weight on the advisory guideline range, which was based almost entirely on the amount of marijuana and overstated the seriousness of his conduct without accounting for the threats under which it was carried out.

The district court considered Sandoval's request for a downward variance, the recommendations of the presentence investigation report, the applicable advisory guideline range, and the § 3553(a) factors.  Because the court exercised its discretion to impose a sentence within the properly calculated guideline range, the sentence was presumptively reasonable, and this court may infer the district court considered all the factors for a fair sentence set forth in the Guidelines.  See Rita v. United States, 127 S. Ct. 2456, 2462-70 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).  Sandoval has failed to demonstrate the district court clearly erred in exercising its broad sentencing discretion; restated, he does not show the court imposed a sentence that failed to account for sentencing factors entitled to significant weight, gave significant weight to improper or irrelevant factors, or made a clear error of judgment in balancing the sentencing factors.  See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), cert. denied, 2007 WL 1708063 (Oct. 1, 2007) (No. 06-11834).

AFFIRMED.