IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2007

Charles R. Fulbruge III
Clerk

No. 07-30182
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MESACH CARDONA, also known as Ferney, also known as Fernay, also known as Ferne

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-293-4

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mesach Cardona appeals his sentence for conspiracy to import, to possess on board a vessel arriving in the United States, and to possess with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a), 955, and 963, and possession of five kilograms or more of cocaine hydrochloride on board a vessel arriving in the United States in violation of § 955. He contends that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that he had an aggravated role in the offense under U.S.S.G. § 3B1.1(b) because he did not manage or supervise the stowaways.

Cardona did not provide any rebuttal evidence to refute the information in the presentence report (PSR), nor did he demonstrate that the information was materially untrue. Thus, the district court was free to adopt the information in the PSR as its findings without further inquiry or explanation. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995); United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996). Further, the majority of the information in the PSR was obtained directly from the factual basis which Cardona signed. At the plea hearing, Cardona confirmed that he understood the factual basis and that it was factually correct. Although Cardona argues that he did not know the stowaways, that the stowaways did not know him, that he was never at the location of the ship or on the ship itself, and that he had no contact with the stowaways, he admitted that his name was on a piece of paper found on one of the stowaways and that he and his co-conspirators were headed toward the ship in order to collect and distribute the cocaine. Moreover, by his own admission, Cardona organized the importation of 128 and 150 kilograms of cocaine in April and June of 2004. Therefore, the district court's determination that Cardona was a manager or supervisor and that the criminal activity was extensive is plausible in light of the record as a whole, and Cardona has not shown clear error. See United States v. Fullwood, 342 F.3d 409, 415 (5th Cir. 2003).

Cardona also contends that the district court erred when it denied him a safety valve reduction pursuant to § 5C1.2. Specifically, he argues that the district court's determination that he was not eligible for a safety valve reduction was based on its erroneous conclusion that he was a manager or supervisor under § 3B1.1(b). Because the district court did not clearly err in determining that Cardona was a manager or supervisor under § 3B1.1(b), Cardona was ineligible for a safety valve reduction. See § 5C1.2(a)(4). Therefore, Cardona has

not shown clear error. See United States v. Miller, 179 F.3d 961, 963-64 (5th Cir. 1999).

Further, Cardona contends that the district court erred when it denied him an additional one-level reduction for acceptance of responsibility pursuant to § 3E1.1(b). Because the Government did not file a motion under § 3E1.1(b), Cardona did not qualify for the additional one-level reduction. See § 3E1.1(b); § 3E1.1, comment. (n.6).

Finally, Cardona contends that the district court erred when it denied his request for a downward departure under § 5K2.0 or, alternatively, a downward variance in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). Cardona does not argue that the district court denied his request for a downward departure because it believed erroneously that it had no authority to depart. Therefore, this court does not have jurisdiction to review Cardona's argument that the district court erred when it denied his request for a downward departure under § 5K2.0, and his appeal is dismissed as to this issue. See United States v. Martinez, 263 F.3d 436, 440 (5th Cir. 2001).

To the extent that Cardona invokes the district court's authority under § 3553(a), he effectively argues that the sentence was unreasonable under the standard announced in United States v. Booker, 543 U.S. 220 (2005). The record reflects that the district court considered Cardona's request for a downward variance, the recommendations of the presentence report, the applicable guideline range, and the § 3553(a) factors. Because the district court exercised its discretion to impose a sentence within the properly calculated guideline range, the sentence was presumptively reasonable, and this court may infer that the district court considered all the factors for a fair sentence set forth in the Guidelines. See Rita v. United States, 127 S. Ct. 2456, 2462-70 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Cardona has failed to demonstrate that the district court clearly erred in exercising its broad sentencing discretion by

imposing a sentence that failed to account for sentencing factors entitled to significant weight, gave significant weight to improper or irrelevant factors, or represented a clear error of judgment in balancing the sentencing factors. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007).

Accordingly, the district court's judgment is AFFIRMED in part and DISMISSED in part for lack of jurisdiction.