IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 07-10277
c/w No. 07-10283
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTOPHER RYAN BUNCH

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-280-ALL
USDC No. 3:06-CR-315-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Christopher Ryan Bunch appeals the 66-month concurrent sentence imposed following his guilty-plea convictions for bank robbery, access device fraud, and identification fraud. He argues that his sentence violates United States v. Booker, 543 U.S. 220 (2005), and is unreasonable. The presumption of reasonableness afforded a sentence within a properly calculated advisory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guideline range is consistent with Booker. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007). The record reflects that the district court considered Bunch's arguments, statements from Bunch and his family, the recommendation of the presentence report, the applicable guideline range, and the factors set forth in 18 U.S.C. § 3553(a).

Because the district court exercised its discretion to impose a sentence within a properly calculated guideline range, the sentence is presumptively reasonable, and we may infer that the district court considered all the facts for a fair sentence set forth in the Guidelines. See Rita, 127 S. Ct. at 2462-70; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). Bunch asserts that he has rebutted the presumption of reasonableness because of various mitigating factors. There is nothing to indicate that the district court improperly failed to consider sentencing factors entitled to significant weight, gave significant weight to improper factors, or erred in balancing the factors to such a degree that the sentence was not reasonable. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007). The judgment of the district court is AFFIRMED.