IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 07-40165
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ISRAEL CRUZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1195-2

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Israel Cruz appeals his January 2007 sentence for conspiracy to transport
an undocumented alien for financial gain. Cruz does not suggest that the
district court erred in calculating the Sentencing Guidelines or that his sentence
is outside the applicable Sentencing Guidelines range, but he argues that his
sentence is unreasonable under 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

On appeal, a sentence within a properly calculated guideline range is accorded a rebuttable presumption of reasonableness. United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006); See Rita v. United States, 127 S.Ct. 2456, 2462-68 (2007) (approving use of presumption). To rebut that presumption, Cruz, as appellant, must show that his sentence "falls so far afoul" of a relevant sentencing factor that it "constitute[s] a clear error in the court's exercise of its broad sentencing discretion." United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S.Ct. 163 (2007).

As Cruz conceded at sentencing, the correctly calculated advisory guideline range applicable in his case, and accepted by the district court, was 21 to 27 months' confinement (and 2 to 3 years' supervised release). Cruz was sentenced to 24 months' confinement to be followed by 3 years' supervised release. The 24 month confinement term was expressly made consecutive (and additional) to the 6 month confinement term imposed the same date on the revocation of supervised release which had previously been imposed on Cruz's prior conviction for a similar immigration offense.

Cruz suggests that an 18-month sentence would be reasonable under 18 U.S.C. § 3553(a) because the specific facts of his offense are not particularly serious and his offense was caused by a "lapse in judgment." He asserts that his current sentence does not further the interests of justice and that it is greater than necessary to protect the public from harm. Cruz has not shown that the district court's weighing of the section 3553 facts resulted in an unreasonable sentence. Nikonova, 480 F.3d at 376.

AFFIRMED.