IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-50139
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIA DEL CARMEN HERNANDEZ-AGUIRRE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-752-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Maria Del Carmen Hernandez-Aguirre (Hernandez) appeals her sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. She contends that the 46-month sentence imposed was unreasonable because it was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Specifically, Hernandez argues that the sentence failed to account for the fact that her prior felony drug trafficking offense occurred when she was a teenager, this was her only prior offense, she entered the United States to see her eight-year old

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

daughter, and she was not a danger to the public or likely to commit future crimes.

Where the district court exercises its discretion to impose a sentence within a properly calculated guideline range, the sentence is presumptively reasonable, and this court may infer that the district court considered all the factors for a fair sentence set forth in the Guidelines. See Rita v. United States, 127 S. Ct. 2456, 2462-70 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Here, the record reflects that the district court considered Hernandez's arguments, the recommendations of the presentence report, the applicable guideline range, and the § 3553(a) factors. Hernandez has failed to demonstrate that the district court clearly erred in exercising its broad sentencing discretion by imposing a sentence that failed to account for sentencing factors entitled to significant weight, gave significant weight to improper or irrelevant factors, or represented a clear error of judgment in balancing the sentencing factors. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Hernandez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

Accordingly, the district court's judgment is AFFIRMED.