# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 06-51219
Summary Calendar

UNITED STATES OF AMERICA

                    Plaintiff-Appellee

v.

MIGUEL REYNA-MORENO

                    Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-576-ALL

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Miguel Reyna-Moreno (Reyna) pleaded guilty to illegal reentry after deportation and was sentenced to 41 months of imprisonment and three years of supervised release.

Reyna challenges the presumption of reasonableness that attaches to a within-guidelines sentence under this court's post-Booker[1] jurisprudence. As

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] United States v. Booker, 543 U.S. 220 (2005).

Reyna concedes, this argument is foreclosed under Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Reyna further contends that the district court did not give sufficient reasons when denying his request for a variance from the guideline range and that his sentence is unreasonable under the factors listed in 18 U.S.C. § 3553(a). The district court gave sufficient reasons for sentencing Reyna within the guideline range. See Rita, 127 S. Ct. at 2469. Additionally, Reyna's sentence within the guideline range was presumptively reasonable, and Reyna has not shown that "the sentence . . . constitute[s] a clear error in the court's exercise of its broad sentencing discretion" as to whether the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor; or (3) represents a clear error of judgment in balancing the sentencing factors." United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.) (internal quotation marks and citation omitted), cert. denied, 128 S. Ct. 163 (2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Reyna challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007)(No. 07-6202).

AFFIRMED.