IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 06-51013
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE ALFREDO GOMEZ-MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-130-ALL

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Alfredo Gomez-Martinez appeals the 57-month sentence imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. His sentence falls within the applicable advisory sentencing guidelines range, and he does not challenge the calculation of that range. He instead argues that the presumption of reasonableness afforded sentences within the applicable guidelines range under United States v. Mares, 402 F.3d 511 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005), and its progeny, violates United States v. Booker, 543 U.S. 220 (2005). This argument is confuted, however, by the Supreme Court's decision in Rita v. United States, 127 S. Ct. 2456, 2462 (2007), which held that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."

Gomez-Martinez alternatively argues that the district court should have sentenced him below the guidelines range in light of the circumstances of his reentry, his employment and family ties in Mexico, and his difficulties in childhood. This court reviews "the district court's imposition of a guideline sentence instead of a non-guideline sentence" for reasonableness. United States v. Nikonova, 480 F.3d 371, 375 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007). The district court observed that Gomez-Martinez had not learned to abide by the law despite his having served a prior 46-month sentence for illegal reentry. The court also noted that it had considered both Gomez-Martinez's particular circumstances and the 18 U.S.C. § 3553(a) factors in determining Gomez-Martinez's sentence. The district court imposed a sentence at the bottom of the guidelines range, and Gomez-Martinez has failed to show that the sentence is unreasonable. See Mares, 402 F.3d at 518-19. Finally, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Gomez-Martinez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. As Gomez-Martinez concedes, this issue is foreclosed. United States v. Pineda-Arellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.