# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-40127
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE GONZALES-MEDINA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1295-3

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Gonzales-Medina (Gonzales) appeals his 26-month sentence imposed following his guilty plea conviction for transporting an undocumented alien for private gain. Gonzales argues that in light of the holding in United States v. Booker, 543 U.S. 220 (2005), the district court should have departed downward and the sentence imposed was excessive. Gonzales did not make these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments in the district court. Thus, review is for plain error. United States v. Olano, 507 U.S. 725, 731-37 (1993).

A court of appeals is generally without jurisdiction to review a sentencing court's refusal to grant a downward departure when its decision is based upon a determination that a departure was not warranted on the facts of the case before it. United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006). A refusal to depart downward is a violation of the law only if the district court's refusal is based on the mistaken belief that the court lacked discretion to depart. United States v. Cooper, 274 F.3d 230, 248 (5th Cir. 2001). The district court recognized its authority to depart, but indicated that the facts presented did not warrant a downward departure. Thus, this court lacks jurisdiction to review the district court's denial of a downward departure in this case.

The court retains jurisdiction to review "whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable." United States v. Nikonova, 480 F.3d 371, 375 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007). If the sentencing judge imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

The district court considered Gonzales's arguments for a lower sentence and rejected them. The district court imposed a sentence within the properly calculated guidelines range, and Gonzales has failed to show that the sentence is unreasonable. See Gall v. United States, 128 S. Ct. 586, 602 (2007). Accordingly, the sentence is AFFIRMED.