IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-40381

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LISA MARIE MORALES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-771-1

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lisa Marie Morales appeals the 90-month sentence imposed following her guilty plea conviction for possession with the intent to distribute more than five kilograms of methamphetamine. Morales argues that the district court erred in denying her request for a reduction based on a minor or minimal role under U.S.S.G. § 3B1.2.

Whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error. United States v. Villanueva, 408 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

193, 203 & n.9 (5th Cir. 2005). The defendant's role is not evaluated in reference to the entire criminal enterprise but in relation to the conduct for which he is held accountable. United States v. Garcia, 242 F.3d 593, 598 (5th Cir. 2001). Given that Morales knew drugs were being transported in the vehicle and allowed the vehicle to be purchased in her name in exchange for compensation, the district court did not clearly err in concluding that a § 3B1.2 adjustment was not warranted.

Morales also argues that her within guidelines sentence is unreasonable because the district court failed to account for her mental disabilities and gave significant weight to the fact that she was to receive compensation for her role in the offense. Morales did not object in the district court to the reasonableness of her sentence; thus, review if for plain error. See United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007). Because Morales was sentenced within a properly calculated guidelines range, her sentence is entitled to a presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006). In reviewing a sentence for reasonableness, this court examines whether the district court's sentence failed to "account for a factor that should have received significant weight," gave "significant weight to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors." United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007). A review of the record results in the finding that Morales's sentence does not fall "so far afoul" of one of these standards as to represent a clear abuse of the court's broad sentencing discretion. See Nikonova, 480 F.3d at 376-77. The district court did not commit plain error. See Peltier, 505 F.3d at 392.

Morales further contends that her sentence is unreasonable because this court's rulings after United States v. Booker, 543 U.S. 220 (2005), have effectively reinstated the mandatory guidelines regime condemned in Booker. Morales concedes that this argument is foreclosed under circuit precedent but

seeks to preserve it for further review in light of the Supreme Court's grant of certiorari in Gall v. United States, 127 S. Ct. 2933 (2007), and Kimbrough v. United States, 127 S. Ct. 2933 (2007). Both Kimbrough and Gall have now been decided, and these decisions do not impact this court's review of the reasonableness of Morales's sentence. See Gall v. United States, 128 S.Ct. 586 (2007); Kimbrough v. United States, 128 S.Ct. 558 (2007).

Accordingly, the judgment of the district court is AFFIRMED.