IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-11312
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUDY A THURMAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-47-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Judy A. Thurman pleaded guilty to one count of theft of assets of a labor organization affecting commerce. Thurman moved for a sentence below the recommended range based on her physical, mental, and emotional impairment. Thurman had undergone several surgeries, had been diagnosed with bipolar disorder, and was being treated for major depression and anxiety disorder. The district court denied the motion and sentenced Thurman to 21 months in prison.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thurman argues that she received an unreasonable sentence. Thurman argues that the sentence was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a) because her physical ailments "stand to make prison unusually difficult and costly" and that her "emotional state will also render prison unusually trying." See United States v. Nikonova, 480 F.3d 371, 375 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007)). Procedurally sound sentences imposed inside or outside the Guidelines range are reviewed for reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586 (2007). This court has held that sentences within a properly calculated Guidelines range should be afforded a rebuttable presumption of reasonableness, and the Supreme Court has upheld the use of this presumption. Id.; Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Although physical condition is not usually relevant in determining whether a departure is warranted, "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." U.S.S.G. § 5H1.4. Although it may be true that Thurman's physical and mental impairments could have supported a sentence below the guidelines range, she cannot show that they would mandate one under the precedent of this circuit. See United States v. Castillo, 430 F.3d 230, 240-41 (5th Cir. 2005) (holding that defendant's HIV-positive status did not constitute an extraordinary medical condition warranting a departure); United States v. Winters, 105 F.3d 200, 208-09 (5th Cir. 1997) (holding that defendant's sarcidosis, a chronic inflammation of multiple organs, was not an exceptional medical condition requiring a downward departure); and United States v. Guarjardo, 950 F.2d 203, 208 (5th Cir. 1991) (holding that a departure was not warranted for a defendant who suffered from cancer in remission, high blood pressure, a fused right ankle, drug dependency, and an amputated left leg). On appeal, Thurman has not presented

anything to overcome the presumption that the district court imposed a reasonable sentence.  Thurman's sentence is AFFIRMED.