# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

Charles R. Fulbruge III
Clerk

No. 09-30404
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEVAN DONTAY HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-215-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Devan Dontay Harris appeals from the sentence imposed for his guilty plea conviction for assault of a government employee resulting in serious bodily injury. Harris argues that: (1) the district court failed to consider all of the 18 U.S.C. § 3553(a) factors and imposed an unreasonable sentence; and (2) the district court did not adequately account for the victim's conduct and grant the U.S.S.G. § 5K2.10 downward departure. Because the district court was not under the mistaken impression that it could not depart, this court is without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction to consider Harris's argument that the district court erred in denying him a downward departure. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). However, we will view his arguments on appeal in support of his downward departure as asserting that his sentence was unreasonable because the district court "failed adequately to consider factors counseling in favor of a downward departure." *United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007). Given that Harris does not allege procedural error, we need only consider "the substantive reasonableness of [his] sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Harris raises on appeal a number of factors supporting his argument that the imposed sentence should have been lower. However, all of those factors were raised before the district court, which explicitly considered all of the relevant § 3553(a) factors before imposing sentence. Harris has failed to overcome the presumption of reasonableness afforded to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The district court's judgment is AFFIRMED.