# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2013

Lyle W. Cayce
Clerk

No. 11-20662
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRON JERESE WILLIAMS, also known as Blak,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-294-5

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Terron Jerese Williams appeals the 188-month term of imprisonment imposed on his guilty plea conviction for conspiring to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base. In his plea agreement, Williams waived "the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in . . . 18 U.S.C. § 3742," but he reserved "the right to appeal an illegal sentence or an upward departure from the guidelines not requested by the United States."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The agreement did not define an illegal sentence.  Because all of Williams's claims fail even absent a contractual bar, however, we pretermit consideration of the effect of the appeal waiver.

Williams contends correctly that the Fair Sentencing Act of 2010 (FSA), PUB. L. NO. 111-220, § 2(a)(2), applies to his sentence.  *See Dorsey v. United States*, 132 S. Ct. 2321, 2329-36 (2012).  He also asserts correctly that he would have been exposed to a five-year mandatory minimum sentence under the FSA instead of the ten-year mandatory minimum that applied previously.  However, the district court sentenced Williams to a term significantly above the 10-year mandatory minimum under the pre-FSA version of the statute.  *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009).  Nothing indicates that the district court would have imposed a different sentence had it believed that the statutory changes effected by the FSA applied to Williams's offense.  Thus, any error in not recognizing the FSA's retroactive applicability was harmless.  *See United States v. Teel*, 691 F.3d 578, 587 (5th Cir. 2012).

We have no jurisdiction to entertain Williams's claim that the district court erred by denying a downward departure, but we may review the sentence for reasonableness.  *See United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007), *abrogation on other grounds recognized by United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).  We employ the plain error standard because Williams did not properly object to the sentence in the district court.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Because Williams has not shown any error, much less error that is clear or obvious, we do not disturb his sentence.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  The reasons recited by the district court for its sentence comport with the factors set forth in 18 U.S.C. § 3553(a), and Williams offers no persuasive basis for questioning the district court's evaluation of them.  *See Rita v. United States*, 551 U.S. 338, 351 (2007).

AFFIRMED.