IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-50445
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:02-CR-37-ALL

Before REAVLEY, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Daniel Lopez appeals the 24-month sentence imposed following the revocation of his supervised release for a 2002 conviction on a marijuana offense. Lopez argues that the district court failed to properly weigh the factors set forth in 18 U.S.C. § 3553(a) and failed adequately to explain its sentencing decision when it ordered his revocation sentence to run consecutively to a 128-month sentence imposed for a 2006 federal conviction on a cocaine charge.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Sentencing Guidelines recommend that a term of imprisonment imposed upon revocation of supervised release "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f) (p.s.). Section 3584(a), Title 18, provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Thus, under § 3584(a), a court may run multiple terms of imprisonment either consecutively or concurrently. We have held that § 3584(a) applies to sentences imposed upon revocation of supervised release as well as to initial terms of imprisonment. United States v. Gonzalez, 250 F.3d 923, 928 (5th Cir. 2001).

"After finding that a defendant has violated a condition of supervised release, the district court must consider the factors contained in 18 U.S.C. § 3553(a) in determining the sentence to be imposed." Id. at 929; see § 3584(b) (§ 3553(a) factors must be considered "in determining whether the terms imposed are to be ordered to run concurrently or consecutively"). "Implicit consideration of the § 3553 factors is sufficient." Gonzalez, 250 F.3d at 930 (citation and internal quotation marks omitted).

Neither at Lopez's sentencing hearing nor in its revocation order did the district court gave an explanation of why it ordered Lopez's entire revocation sentence to be run consecutively to an earlier federal sentence from Tennessee. But even if we accord full review to Lopez's arguments, some of which were not addressed to the district court, we find the sentence procedurally and substantively sound. See Gall v. United States, 128 S. Ct. 586, 597 (2007). Because the district court sentenced Lopez to a sentence within the recommended guideline range, we infer that it considered all the factors required for a fair sentence. See United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006). Lopez made no objections at sentencing, nor does he object to the district court's calculation of the advisory guidelines range. His only comment at sentencing was a request that the revocation sentence run partially concurrently

with his Tennessee sentence.  Immediately following that request, the district court imposed a sentence that was entirely consecutive.  Given the simplicity of the sentencing issue and the fact that the district court heard it and then responded by sentencing in accordance with § 7B1.3(f), we have sufficient indication that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority."  See Rita v. United States, 127 S. Ct. 2456, 2468 (2007).  Further, our review of the sentence is for abuse of discretion only.  See Gall, 128 S. Ct. at 597.  The guidelines sentence is entitled to a presumption of correctness, and Lopez has failed to rebut that presumption.  See United States v. Alonzo, 435 F.3d 551, 555 (5th Cir. 2006); United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007)

Accordingly, the sentence imposed by the district court is AFFIRMED.