IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2008

Charles R. Fulbruge III
Clerk

No. 06-41771
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR HUGO ALVARADO-AYALA, also known as Jose Luis Romero

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2683-ALL

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Victor Hugo Alvarado-Ayala, an alien, pleaded guilty to violating 8 U.S.C. § 1326 by illegally reentering the United States after being deported. In December 2006 the district court sentenced him to 41 months' imprisonment, and he now appeals. We affirm.

Alvarado-Ayala claims that the circumstances attendant to his manslaughter conviction counsel in favor of a sentence below the guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range. He asserts that his manslaughter conviction was, ultimately, the product of a mistake that Oregon authorities made when they improperly prosecuted him for murder although he was a juvenile. The ensuing murder conviction was later reduced to first degree manslaughter as the result of a stipulation between Alvarado-Ayala and the State of Oregon in a federal habeas proceeding.

We do not have jurisdiction to review the district court's denial of Alvarado-Ayala's motion for a downward departure. United States v. Nikonova, 480 F.3d 371, 375 (5th Cir.), cert. denied, 128 S.Ct. 163 (2007). There is an exception to this rule where the defendant points to something in the record indicating that the district court held an erroneous belief that it lacked the authority to depart. United States v. Valencia-Gonzales, 172 F.3d 344, 346 (5th Cir. 1999). Based on a review of the record, we see no indication that the district court believed that it lacked the authority to grant a downward departure. Nor does anything in the record even suggest that the district court believed it lacked the authority to impose a below-guideline sentence under United States v. Booker, 543 U.S. 220 (2005). Nevertheless, a defendant, like Alvarado-Ayala, whose motion for a downward departure has been overruled may still argue on appeal that his sentence was unreasonable because the district court "failed adequately to consider factors counseling in favor of a downward departure." Nikonova, 480 F.3d at 375.

This court reviews a sentence within a properly calculated guideline range for reasonableness. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). In reviewing for reasonableness, an appellate court "merely asks whether the trial court abused its discretion." Rita v. United States, 127 S.Ct. 2456, 2465 (2007). It is proper for an appellate court to rebuttably presume the reasonableness of a district court's sentence which reflects a proper application of the Sentencing Guidelines. Id. at 2462-63. A district court's sentencing decision is entitled to great deference. Gall v. United States, 128 S.Ct. 586, 597-

98 (2007) (fact that appellate court might reasonably impose different sentence is insufficient justification for reversal of district court).

Our review of the record does not reveal that the district court committed any procedural error or failed to address or improperly balanced the sentencing factors set forth in 18 U.S.C. § 3553(a). Moreover, when a sentence is within a properly calculated guidelines range, this court infers that the district court considered all of the guidelines factors. United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006). Having considered Alvarado-Ayala's arguments, the district court crafted a sentence at the bottom of the advisory guideline range that it believed to be just. The district court did not abuse its discretion in doing so.

Alvarado-Ayala alternatively contends, for the first time on appeal, that his sentence is infected with error because this court's post-Booker jurisprudence erroneously and unduly restricted the ability of district courts to give nonguideline sentences. As neither this contention nor anything like it was raised below, our review is only for plain error. There is none. It is not clear or plain that our post-Booker jurisprudence is erroneous in this respect. Nor does anything in the record suggest that the district court likely would have given a lesser sentence but for some such aspect of our post-Booker jurisprudence (or that it otherwise felt constrained to give a within guideline range sentence despite believing that a lesser sentence would be more appropriate under 18 U.S.C. § 3553(a) apart from the guidelines). That the district court consciously elected to sentence within the guidelines does not suffice to demonstrate reversible error. Nor may error be predicated on the fact that this court on appeal affords a rebuttable presumption of reasonableness to a district court's sentence that reflects a proper application of the guidelines, despite the fact that it "may be correct that the presumption will encourage sentencing judges to impose Guidelines sentences." Rita, 127 S.Ct. at 2467.

Finally, light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Alvarado-Ayala challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated-felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has stated that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008).

AFFIRMED.