IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2008

Charles R. Fulbruge III
Clerk

No. 06-51259
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

ROMAN DEL ANGEL-POSADA, also known as Romen Pocadec

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-676

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Roman Del Angel-Posada (Del Angel) appeals his conviction and 48-month
sentence of imprisonment for unlawful reentry in violation of 8 U.S.C. § 1326.
In his brief filed prior to the Supreme Court's decision in Rita v. United States,
127 S. Ct. 2456 (2007), Del Angel argues that this court's presumption that
sentences within a properly calculated guidelines range are reasonable
effectively reinstates the mandatory guidelines regime struck down in United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

States v. Booker, 543 U.S. 220 (2005). In Rita, the Supreme Court affirmed that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." 127 S. Ct. at 2462. Accordingly, Del Angel's challenge to the presumption fails.

Del Angel also argues that his sentence was unreasonable on its merits. Because Del Angel's sentence is "within a properly calculated Guideline range," it is "presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Del Angel's arguments that the guidelines range overstates the seriousness of his offense is insufficient to overcome the presumption. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007) (setting forth standard for rebutting presumption). In other words, he has not shown that his "special circumstances are special enough that, in light of § 3553(a), they require a sentence lower than the sentence the Guidelines provide." Rita, 127 S. Ct. at 2470.

Del Angel also argues for the first time on appeal that his sentence was unreasonable because his "age, 44, . . . makes it unlikely that he will commit future crimes." Because he did not object on this basis below, Del Angel's challenge to the reasonableness of his sentence based on his age is reviewed for plain error. See United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007); see also United States v. Olano, 507 U.S. 725, 732 (1993) (plain error standard). Del Angel has not overcome the presumption of reasonableness that applies to his sentence on appeal, see Alonzo, 435 F.3d at 554, much less has he demonstrated that the district court committed plain error in sentencing him simply because of his age at the time the sentence was imposed. See Peltier, 505 F.3d at 392.

Del Angel also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This court has held that this issue is "fully

foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.