IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 06-60811
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT G VIRGIL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CR-39

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert G. Virgil appeals the 96-month sentence imposed by the district court following his jury trial conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Prior to sentencing, Virgil filed a motion for funds to hire an expert pursuant to 18 U.S.C. § 3006A(e)(1), which the district court denied.

At sentencing, Virgil requested that the district court consider the arguments raised in his motion for funds as mitigating factors for sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes. On appeal, Virgil contends that the district court erred in denying his § 3006A(e)(1) motion because further testing could have been used for mitigation purposes at sentencing and in support of his request for a downward departure pursuant to U.S.S.G. § 5K2.13. based on diminished capacity.

This court reviews a district court's denial of a § 3006A(e)(1) motion for abuse of discretion. See United States v. Hardin, 437 F.3d 463, 468 (5th Cir. 2006). Virgil has failed to demonstrate that further testing was "necessary for adequate representation." See United States v. Williams, 998 F.2d 258, 263-64 (5th Cir. 1993). He has further failed to demonstrate that he was prejudiced by the district court's denial of his § 3006A(e)(1) motion, see, e.g., United States v. Bertling, 370 F.3d 818, 820 (8th Cir. 2004), and has therefore failed to show that the district court abused its discretion.

Virgil also contends that the district court erred in refusing to depart downward pursuant to § 5K2.13. However, this court is without jurisdiction to review a district court's refusal to grant a downward departure when, as in this case, the district court's decision is based upon a determination that the departure was not warranted on the facts of the case before it. See United States v. Hernandez, 457 F.3d 416, 424 & n.5 (5th Cir. 2006).

Virgil also asserts that the district court erroneously applied a presumption of reasonableness to his within-guidelines sentence. The record demonstrates that the district court did not apply a presumption of reasonableness to the within-guidelines sentence or require Virgil to overcome a presumption that the guidelines range was reasonable. Thus, Virgil has failed to demonstrate any error.

In addition, Virgil contends that the district court's failure to grant his motion for downward departure and its denial of his motion for funds resulted in an "unreasonable" sentence. Because these contentions are without merit, Virgil has not overcome the presumption that his within-guidelines sentence was reasonable, see United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006), and

he has not shown that the sentence imposed by the district court constituted error, plain or otherwise, see Gall v. United States, __ U.S. __, 128 S. Ct. 586, 594-97 (2007); see United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007).

Finally, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Virgil challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.