IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-10553
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HECTOR GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-204-2

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Gonzalez pleaded guilty to possession with intent to distribute 50 kilograms of marijuana and aiding and abetting. Gonzalez moved for a sentence below the recommended range based on his status as an undocumented alien and the factors set forth in 18 U.S.C. § 3553(a). The district court denied the motion and sentenced Gonzalez to 63 months in prison.

Gonzalez argues that the district court erred in denying his motion to depart from the Sentencing Guidelines. This court lacks jurisdiction to review

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's denial of a downward departure unless the district court mistakenly believes that it does not have the authority to depart under the Guidelines. United States v. Sam, 467 F.3d 857, 861 (5th Cir. 2006). Contrary to Gonzalez's argument, there is no ambiguity in the record that the district court believed that it lacked the authority to depart. Accordingly, this court lacks jurisdiction to review this issue.

Gonzalez argues that he received an unreasonable sentence because, as an undocumented alien, the sentence was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). See United States v. Nikonova, 480 F.3d 371, 375 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007)). Procedurally sound sentences imposed inside or outside the Guidelines range are reviewed for reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586 (2007). This court has held that sentences within a properly calculated Guidelines range should be afforded a rebuttable presumption of reasonableness, and the Supreme Court has upheld the use of this presumption. Id.; Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Gonzalez argues that the district court did not consider all of the factors enumerated in § 3553(a) in determining his sentence. When a sentencing court exercises its discretion to impose a sentence within a properly calculated guidelines range, this court infers that the district court considered all of the factors required for a fair sentence. United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006). In addition, the district court was clear in its statement that the information presented by Gonzalez was considered as was the reason the court was imposing a sentence at the bottom of the guidelines range. On appeal, Gonzalez has not presented anything to overcome the presumption that the district court imposed a reasonable sentence. Gonzalez's sentence is AFFIRMED.