IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50734
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ILARAZA, true name Jose Herminio Ilaraza

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-74-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Ilaraza pleaded guilty to conspiracy with intent to distribute at least 50 grams of methamphetamine and was sentenced to 168 months of imprisonment and five years of supervised release. Ilaraza argues that his sentence, which was within the recommended guidelines range, was substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An appellate court's review of a sentence must start with the issue whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 128 S. Ct. 586, 597 (2007). If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. Because Ilaraza did not challenge the substantive reasonableness of his sentence in the district court, this issue should be reviewed for plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert denied __ S. Ct. ___, 2008 WL 227315 (June 23, 2008) (No. 07-8978). Ilaraza concedes that plain error review applies but seeks to preserve the issue of the applicable standard of review for Supreme Court review.

Ilaraza has not shown that the district court plainly erred in imposing a sentence of 168 months of imprisonment. Ilaraza's within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Ilaraza's contention that his sentence is unreasonable because the district court failed to comply with its intention—noted in the Statement of Reasons—to sentence him in the middle of the guideline range is unavailing. Ilaraza has not shown that the court did not understand 168 months to be a sentence in the middle of the guideline range; he thus has not shown that the notation in the Statement of Reasons contradicts the court's actual sentencing intention. Moreover, to the extent that the Statement of Reasons conflicts with the court's pronouncement at sentencing, the court's oral pronouncement controls. See United States v. Torres-Aguilar, 352 F.3d 934, 935 (5th Cir. 2003).

Ilaraza also argues that the district court accorded improper weight to his criminal history to determine the particular guidelines sentence that it imposed.

Given that a defendant's criminal history is a factor that a court may consider in imposing a non-guidelines sentence, see United States v. Smith, 440 F.3d 704, 709 (5th Cir. 2006), the district court did not err in using Ilaraza's criminal history to determine where he should be sentenced within the applicable guidelines range. See U.S. SENTENCING GUIDELINES MANUAL § 1B1.4 (2006). In fact, § 3553 requires the court to consider, among other things, the history and characteristics of a defendant and the need for the sentence imposed to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(1), (2)(C). In the instant case, Ilaraza had an extensive criminal history, including some offenses that were unaccounted for in his guidelines sentence, and his prior offenses were salient in the parties' sentencing arguments. Thus, the district court's consideration of Ilaraza's criminal history to determine a specific guidelines sentence was not plainly erroneous.

Ilaraza further argues that a sentence at the bottom of the guidelines range—i.e., 140 months—would have been sufficient to achieve the sentencing objectives of § 3553(a). However, there is nothing in the record to support Ilaraza's argument and, in any event, "[t]hat an appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 128 S. Ct. at 597. Likewise, his contention that the sentencing court failed to identify any other circumstances that suggested a sentence above 140 months' imprisonment was necessary is without merit. Because the district court imposed a sentence within the guidelines range, a lengthy explanation of the sentence was not required and this court will infer that the district court considered all the factors for a fair sentence set forth the Guidelines. See Rita, 127 S. Ct. at 2468. Accordingly, Ilaraza has not shown that the sentence imposed by the district court constituted error, plain or otherwise. See Gall, 128 S. Ct. at 597; United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007).

AFFIRMED.