# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2008

Charles R. Fulbruge III
Clerk

No. 08-20061
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR ALEXANDER MARTINEZ-RUBIO, also known as Victor Alexander
Martinez, also known as Victor Alexander Marti Rubio

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-394-ALL

Before KING, GARWOOD, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Victor Alexander Martinez-Rubio (Martinez-Rubio) appeals the sentence
imposed following his guilty-plea conviction of being found in the United States
subsequent to deportation following an aggravated felony conviction. Martinez-
Rubio was sentenced at the bottom of the advisory Sentencing Guidelines range
to a 41-month term of imprisonment. He contends that, in light of his personal
history and the circumstances surrounding his offense, his sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Following United States v. Booker, 125 S.Ct. 738 (2005), we review a district court's sentencing decision for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S.Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. If, as in the instant case, a defendant fails to challenge the reasonableness of his sentence in the district court, this court will review the substantive reasonableness of the sentence for plain error only. United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S.Ct. 2959 (2008).

A sentence imposed within a properly calculated guideline range is generally entitled to a rebuttable presumption of reasonableness. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); Rita v. United States, 127 S.Ct. 2456, 2462 (2007). However, citing the Supreme Court's decisions in Kimbrough v. United States, 128 S.Ct. 558, 575 (2007), and Rita, 127 S.Ct. at 2462-63, Martinez-Rubio argues that the within-guidelines sentence imposed in his case should not be accorded an appellate presumption of reasonableness. Martinez-Rubio contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2(b), the illegal reentry guideline used to calculate his sentencing range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." See Kimbrough, 128 S.Ct. at 574-75. Martinez-Rubio argues that the reasoning in Kimbrough should be extended so as to eliminate the appellate presumption of reasonableness when considering guidelines that were formulated without taking into account such data and experience.

We disagree. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S.Ct. at 564. Speaking specifically to the crack cocaine guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the permissive, rebuttable appellate presumption of reasonableness in review of a procedurally proper within-guidelines sentence. Nor did Kimbrough state that the district court would have abused its discretion if it had imposed a within-guidelines sentence. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), cert. denied, 2008 WL 3996218 (U.S. Oct. 6, 2008) (No. 08-5988), in which we applied the presumption in the context of a similar challenge to § 2L1.2. There is no claim that the district court committed procedural error. The permissive rebuttable presumption that the district court's within-guidelines sentence is substantively reasonable is accordingly applicable.

Having reviewed Martinez-Rubio's sentence for procedural error and substantive reasonableness, we hold that the sentence imposed by the district court was not the result of error, plain or otherwise. See Gall, 128 S.Ct. at 597; see also Peltier, 505 F.3d at 391-92. The district court properly considered the factors laid out in 18 U.S.C. § 3553(a), and the sentence imposed was not unreasonable given Martinez-Rubio's history of violence. Thus, Martinez-Rubio has failed to rebut this court's presumption that his sentence is reasonable. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), cert. denied, 128 S.Ct. 163 (2007); see also Alonzo, 435 F.3d at 554. Even if this court does not accord the district court's sentence a presumption of reasonableness, Martinez-

Rubio has still failed to demonstrate that the sentence imposed was substantively unreasonable under the standard laid out in Gall.  See 128 S.Ct. at 597.

The judgment of the district court is AFFIRMED.