# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-10643
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALLEN CARTER

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-187-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Allen Carter appeals the total 420-month sentence imposed following his guilty plea conviction for possession with intent to distribute 50 grams or more of cocaine base, possession with intent to distribute heroin, maintaining a drug-involved premises, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. Carter argues that the district court imposed an unreasonable sentence because it failed to consider the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

impact of his age for purposes of 18 U.S.C. § 3553(a). He also contends that the sentence is unreasonable because in denying the Government's motion for a downward departure based on substantial assistance, the court failed to accord substantial weight to the Government's evaluation of his assistance and the court failed to take into account the nature and circumstances of the offense. *See* U.S.S.G. § 5K1.1, p.s.; § 3553(a).

Pursuant to *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), this court's review of the substantive reasonableness of a sentence ordinarily is for an abuse of discretion. As Carter essentially concedes, however, his arguments challenging the reasonableness of his sentence, raised for the first time on appeal, are reviewable only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007)). This court has no jurisdiction to review a refusal to depart downward unless the refusal was based on the district court's mistaken conclusion that it lacked the authority to depart, a circumstance not present here. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). We retain jurisdiction to review "whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable." *United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir.), *cert. denied*, 128 S. Ct. 163 (2007).

When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 328 (2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.* (citing *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007)).

In imposing the within-guidelines sentence, the district court stated that it had considered the § 3553(a) factors and expressly considered Carter's cooperation with the Government. Although Carter argues that the district court failed to consider that offenders at his age of 44 years have a low risk of recidivism, 12.7 per cent, he has not shown that the statistics he relies upon accurately reflect whether he posed a risk of recidivism, particularly in light of his extensive criminal history. *See United States v. Rodriguez*, 553 F.3d 380, 397 (5th Cir. 2008). Moreover, the results of the study he cites reveal that while the total recidivism rate for offenders aged 41 to 50 was 12.7 per cent, the recidivism rate for that age range for offenders in criminal history category VI, Carter's criminal history category, was 41.3 percent. United States Sentencing Commission, *Measuring Recidivism: The Criminal History Computations of the Federal Sentencing Guidelines*, at 28, Exh. 9 (May 2004), *available at* http://www.ussc.gov/publicat/Recidivism_General.pdf. Carter has not overcome the presumption that his within-guidelines sentence is reasonable, *see Alonzo*, 435 F.3d at 554, or shown that the district court abused its discretion under *Gall*, 128 S. Ct. at 596-97. Carter has shown no error, plain or otherwise. *See Peltier*, 505 F.3d at 391-92.

The judgment of the district court is AFFIRMED.