# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2010

Lyle W. Cayce
Clerk

No. 09-10627
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY BARRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-6-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Johnny Barrera appeals the 51-month sentence imposed by the district court following his guilty plea conviction for one count of bank robbery. He argues that because *United States v. Booker*, 543 U.S. 220, 245 (2005), excised 18 U.S.C. § 3742(e), this court has jurisdiction to review the district court's denial of a downward departure for reasonableness. Barrera requested a variance, rather than a downward departure, in his sentencing memorandum and at the sentencing hearing, and the district court denied a variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Therefore, the instant case does not involve the denial of a motion for a downward departure, and this court has jurisdiction to review the reasonableness of the sentence imposed by the district court. *See United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007) (holding that jurisdiction exists to review "whether the district court's imposition of a guideline sentence instead of a non-guideline sentence was reasonable"), *abrogated on other grounds*, *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).

Barrera argues that the district court erred in sentencing him as a typical bank robbery defendant because there are numerous factors warranting a lesser sentence, including his father's death when he was seven years old, his wife's current serious illness requiring his care, his support of his stepchildren, and his financial difficulties which caused him to commit the instant offense. Because Barrera did not challenge the reasonableness of his sentence in the district court, review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, Barrera must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Barrera has not shown that the district court's imposition of the sentence was error, plain or otherwise. The 51-month sentence is the lowest possible sentence within the advisory guidelines range and is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). The district court considered the advisory guidelines, the 18 U.S.C. § 3553(a) factors, Barrera's sentencing memorandum, and the statements given by Barrera and his mother-in-law at sentencing; the district court stated that the sentence was sufficient to achieve the sentencing objectives of punishment, deterrence, and protection of the public. Even if this court might have imposed a lesser sentence, this court's

2

disagreement with the district court is insufficient to justify reversal of the district court. *See United States v. Gall*, 552 U.S. 38, 51 (2007).

AFFIRMED.